**ORIGINAL**

**FILED**

**AUG 1 7 2016**

U.S. COURT OF
FEDERAL CLAIMS

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THOMAS A. ADAIR,
4702 Vail
Corpus Christi, TX 78413,

JACK W. BERNHARD,
22 Sapphire Drive
Key West, FL 33040,

ANDREW BRUNER,
20730 S.W. 79th Place
Cutler Bay, FL 33189,

ROBERT J. CARNEY,
5302 Annie Laurie Lane
Bonita, CA 91902,

ALAN E. CIOLKOSZ,
11972 Elizabeth Ann Court
Jacksonville, FL 32223,

RAFAEL CLASS,
#13 Parque
La Arboleda
Aguadilla, PR 00603,

WILLIAM W. CONSTANT,
4612 Armadillo Street
Middleburg, FL 32068,

JAMES COULTER,
221 Portsmouth
Corpus Christi, TX 78418,

NICHOLAS J. CUNEO,
3384 Beulah Vista Court
Fleming Island, FL 32003,

JON DANGLE,
2008 Aspen Way
Guthrie, OK 73044,

**16-1015 C**

Civil Action No. 13-1093

THIRD AMENDED COMPLAINT



**ECF
DOCUMENT**
I hereby attest and certify that this is a printed copy of a
document which was electronically filed with the United
States District and Bankruptcy Courts for the District of
Columbia.

ANGELA D. CAESAR, CLERK
/S/ Reginald D. Johnson

DANIEL DIETTE,
1844 Timber Wolf Trail
Edmond, OK 73034,

TIMOTHY J. FLYNN,
2646 Loopridge Drive
Orange Park, FL 32065,

RICHARD R. GARZA,
13953 Jibstay Street
Corpus Christi, TX 78418,

FRANK L. GIMPEL,
15362 Caravel
Corpus Christi, TX 78418,

DEBORA D. HALL,
1568 Glen View Street
Middleburg, FL 32068,

RICHARD E. HALL,
P.O. Box 61252
San Angelo, TX 76906,

JASON A. HARRELL,
1181 Garrison Drive
St. Augustine, FL 32092,

JON M. HERRON,
3813 Parkwood Drive
San Angelo, TX 76904,

MARK A. ILLANAS,
12260 East Barbary Coast
Tucson, AZ 85749,

RONALD JESTER,
139 Lagarto Ferry Road
Mathis, TX 78368,

RICK JONES,
692 Scarlet View Court
Orange Park, FL 32073,

DAVID R. KLUCINA,
1620 Shelter Cove Drive
Fleming Island, FL 32003,

BRIAN KOZLENCER,
5621 Old Auburn Road
Warrenton, VA 20187,

KENNETH W. LANNING,
821 Bugle Branch Way
Fruit Cove, FL 32259,

ROLANDO MAIN,
5264 East Agave Vista Drive
Tucson, AZ 85756,

BRENDAN MANLEY,
119 Raiford Oaks Boulevard
Madisonville, LA 70447,

ANTONIO V. MARTÍNEZ,
23862 Buttercup Drive
Murrieta, CA 92562,

JAMES T. MASON,
6259 FM 3088
Sandia, TX 78383,

ERIK MODISETT,
P.O. Box 163
Hammond, LA 70404,

JOSUE E. MORENO,
32690 Sussex Stakes Street
Menifee, CA 92584,

JOSE R. MURIENTE
3845 La Flor Drive
Rockledge, FL 32955,

JOHN V. PAINTER, JR.,
5543 North Sabino Highlands Place
Tucson, AZ 85749,

50

EDMUND W. PRICE,
P.O. Box 424
Lawtey, FL 32058,

EARL J. PRIMO III,
195 Beau Rivage Drive
Mandeville, LA 70471,

JORDON REIF,
2394 Heidi Drive
Oxford, MI 48370,

BRADFORD A. RUBINOFF,
3869 West Cortaro Farms Road, #113
Tucson, AZ 85742,

TODD H. SAGER,
2102 Heritage Lane
Leonard, MI 48367,

JAIRO A. SANCHEZ,
619 Calle Pedro Alarcon
Mansiones de Espana
Mayaguez, PR 00682,

DAVID J. SOREL,
5230 Oso Hills Drive
Corpus Christi, TX 78413,

CHRIS STEIN,
3142 Azores Drive
Corpus Christi, TX 78418,

KENNETH J. SZILLUS,
308 Alexander Drive
Hammond, LA 70401,

GROVER D. TELLEZ,
10002 Shaggybark Drive
Santee, CA 92071,

PAUL J. WAEGHE, JR.,
2668 Loopridge Drive
Orange Park, FL 32065,

4

DANIEL R. WILLIAMS,
5125 Cavendish Drive
Corpus Christi, TX 78413,

ALEXANDER L. ZAMORA,
4617 South Cornwall Drive
Tucson, AZ 85730,

ROBERT ZAVALA,
2005 West Yarnell Street
West Covina, CA 91790,

                        Plaintiffs,

        v.

BUREAU OF CUSTOMS AND BORDER
PROTECTION,
Department of Homeland Security
1300 Pennsylvania Avenue, NW
Washington, DC 20229, and

THE UNITED STATES OF AMERICA,
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001,

                        Defendants.

## THIRD AMENDED COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT

### I.  INTRODUCTION

1.      Plaintiffs, by their undersigned counsel, file this civil action to recover from

Defendants back pay, liquidated damages, interest, attorneys' fees and costs pursuant to the Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA"), and other applicable

laws.

## II.  JURISDICTION

2.      This Court has jurisdiction over this civil action pursuant to: (1) 28 U.S.C. § 1331, in that the matters in controversy arise under the Constitution and laws of the United States; (2) 28 U.S.C. § 1337, in that the matters in controversy arise under an Act of Congress regulating commerce; and (3) 29 U.S.C. § 216(b), in that this is an action to recover unpaid overtime compensation and liquidated damages.

3.      Further, this Court has jurisdiction to issue declaratory judgments and other relief sought herein under 28 U.S.C. §§ 2201 and 2202, in that actual controversies exist between the Plaintiffs and Defendants regarding actions and failures to act by Defendants under the FLSA and otherwise.

## III.  VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391, since this is a civil action in which Defendants United States and the Bureau of Customs and Border Protection ("CBP") and agents thereof have acted in an official capacity and under color of legal authority.  CBP is headquartered in the District of Columbia, and a substantial portion of the events and/or omissions giving rise to the claims herein occurred in this District.

## IV.  THE PARTIES AND DEFINITIONS

5.      Defendants are employers within the meaning of the FLSA.

6.      Plaintiffs are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

7.      Attached to this Complaint are Plaintiffs' signed individual consent forms, in which they consent to be claimants in this lawsuit brought on their behalf and on behalf of other persons against the United States asserting their rights under the FLSA.

8.      Plaintiffs, who are identified individually in Paragraphs 17 through 63 below, allege that they have suffered legal and economic wrongs because of Defendants' actions and have been adversely affected and aggrieved thereby regarding their rights under the FLSA.

## V.  **GENERAL ALLEGATIONS**

9.      The Plaintiffs have been employed by Defendants United States and CBP as Aviation Enforcement Agents, Aviation Operations Analysts, Detection Enforcement Officers, Enforcement Aviation Specialists, Air Interdiction Agents, and Flight Engineering Maintenance and Equipment Specialists.  In these positions and for at least three years, Defendants have considered Plaintiffs to be exempt from the FLSA.

10.     Several plaintiffs have been converted or are in the process of being converted to Aviation Enforcement Agent (GS-1801-13) positions, which are misclassified as exempt under the FLSA.  In these positions, Plaintiffs' duties have not changed from the duties for which Plaintiffs were responsible in their previous positions, as listed below.  The plaintiffs who have been converted or are in the process of being converted to the Aviation Enforcement Agent position include: Jack W. Bernhard, Andrew Bruner, Alan E. Ciolkosz, Rafael Class, Jon Dangle, Daniel Diette, Debora D. Hall, Jason A. Harrell, Jon M. Herron, Mark Illanas, Brian Kozlencer, Rolando Main, Brendan Manley, Antonia V. Martinez, Josue E. Moreno, Jose R. Muriente, Earl J. Primo III, Bradford Rubinoff, Todd H. Sager, Jairo A. Sanchez, Kenneth J. Szillus, Grover D. Tellez, and Alexander Zamora.

11.     Defendants and their officers and agencies are responsible under the United States Constitution and federal law and regulations for the establishment and administration of personnel, employment, and compensation policies and practices and for applying to the

54

Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

12.     As a result of the actions of Defendants and their agents, Plaintiffs have suffered legal wrongs and economic injuries under the FLSA and are adversely affected and aggrieved thereby.

13.     As is more fully set forth below, Defendants and their officers and agencies willfully have violated, and continue willfully to violate, the provisions of the FLSA by wrong-fully and willfully failing and refusing to provide the Plaintiffs with pay and benefits due them under the FLSA and implementing regulations.

14.     Defendants have erroneously considered each of the Plaintiffs "FLSA exempt" and have not accorded them the rights and compensation to which FLSA non-exempt employees of Defendants are entitled.

15.     Under the FLSA and the regulations of the Office of Personnel Management ("OPM"), Plaintiffs are presumed to be FLSA non-exempt, and Defendants carry the burden of demonstrating that Plaintiffs are and have been exempt. 5 C.F.R. § 551.202.

16.     Defendants also failed to compensate the following Plaintiffs properly for travel time during periods when they were considered exempt from the FLSA.

17.     Plaintiffs repeatedly challenged their exempt status through verbal discussions and e-mail communications with their supervisors and with pay administrators of Defendants from at least 2009 to the present to no avail.

## VI.  THE PLAINTIFFS AND THEIR INDIVIDUAL CLAIMS

### A.  Aviation Operations Analyst

### 1.  Robert J. Carney

18.     Robert J. Carney is a plaintiff herein. He resides at 5302 Annie Laurie Lane, Bonita, California 91902.

19.     Plaintiff Carney was an Aviation Operations Analyst (GS-1801-13) in San Diego, California within the last three years.  Plaintiff Carney retired in June 2013.

### 2.  Richard E. Hall

20.     Richard E. Hall is a plaintiff herein. He resides at P.O. Box 61252, San Angelo, Texas 76906.

21.     Plaintiff Hall is currently an Air Interdiction Agent (GS-13) in San Angelo, Texas.  Within the last three years, Plaintiff Hall held the position of Aviation Operations Analyst (GS-1801-13) in San Angelo, Texas, which Defendant misclassified as FLSA exempt.

### 3.  Kenneth W. Lanning

22.     Kenneth W. Lanning is a plaintiff herein. He resides at 821 Bugle Branch Way, Fruit Cove, Florida 32259.

23.     Plaintiff Lanning is currently an Aviation Operations Analyst (GS-1801-13) in Jacksonville, Florida.

### 4.  Erik Modisett

24.     Erik Modisett is a plaintiff herein. He resides at P.O. Box 163, Hammond, Louisiana 70404.

25.     Plaintiff Modisett is currently an Aviation Operations Analyst (GS-1801-13) in New Orleans, Louisiana.

**5. John V. Painter, Jr.**

26.    John V. Painter, Jr. is a plaintiff herein. He resides at 5543 North Sabino Highlands Place, Tucson, Arizona 85749.

27.    Plaintiff Painter is currently an Aviation Operations Analyst (GS-1801-13) in Tucson, Arizona.  Within the last three years, Plaintiff Painter held the position of Air Interdiction Agent (GS-1801-13), which Defendant misclassified as FLSA exempt.

**6. Jordon Reif**

28.    Jordon Reif is a plaintiff herein. He resides at 2394 Heidi Drive, Oxford, Michigan 48370.

29.    Plaintiff Reif is currently an Aviation Operations Analyst (GS-1801-13) in Great Lakes, Michigan.

**B. Aviation Enforcement Agent**

**7. Jack W. Bernhard**

30.    Jack W. Bernhard is a plaintiff herein. He resides at 22 Sapphire Drive, Key West, Florida 33040.

31.    Plaintiff Bernhard was an Aviation Operations Analyst (GS-1801-13) in Key West, Florida within the last three years. Plaintiff Bernhard recently has been converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Aviation Operations Analyst position.

**8. Andrew Bruner**

32.    Andrew Bruner is a plaintiff herein. He resides at 20730 S.W. 79th Place, Cutler Bay, Florida 33189.

57

33.     Plaintiff Bruner was an Aviation Operations Analyst (GS-1801-13) in Florida within the last three years. Plaintiff Bruner recently has been converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Aviation Operations Analyst position.

**9.   Alan E. Ciolkosz**

34.     Alan E. Ciolkosz is a plaintiff herein. He resides at 11972 Elizabeth Ann Court, Jacksonville, Florida 32223.

35.     Plaintiff Ciolkosz is currently an Aviation Enforcement Agent (GS-1801-12) in Florida; he has been considered FLSA nonexempt in this position since May 2012. Prior to this position and within the last three years, Plaintiff Ciolkosz worked in an Aviation Operations Analyst position (GS-1801-13), which was misclassified as FLSA exempt.

**10. Rafael Class**

36.     Rafael Class is a plaintiff herein. He resides at #13 Parque, La Arboleda, Aguadilla, Puerto Rico 00603.

37.     Plaintiff Class is currently an Aviation Enforcement Agent (GS-1801-13) in Puerto Rico. He has worked as an Aviation Operations Analyst (GS-1801-13) in Puerto Rico within the last three years.

**11. Jon Dangle**

38.     Jon Dangle is a plaintiff herein. He resides at 2008 Aspen Way, Guthrie, Oklahoma 73044.

39.     Plaintiff Dangle was an Enforcement Aviation Specialist (GS-1801-13) in Oklahoma City, Oklahoma within the last three years. Plaintiff Dangle recently has been converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have

11

not changed from those for which he was responsible in the Enforcement Aviation Specialist position.

**12. Daniel Diette**

40.     Daniel Diette is a plaintiff herein. He resides at 1844 Timber Wolf Trail, Edmond, Oklahoma 73034.

41.     Plaintiff Diette was an Enforcement Aviation Specialist (GS-1801-13) in Oklahoma City, Oklahoma within the last three years.  Plaintiff Diette recently has been converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Enforcement Aviation Specialist position.

**13. Debora D. Hall**

42.     Debora D. Hall is a plaintiff herein. She resides at 1568 Glen View Street, Middleburg, Florida 32068.

43.     Plaintiff Hall was an Aviation Operations Analyst (GS-1801-13) in Jacksonville, Florida within the last three years.  Plaintiff Hall recently has been converted to an Aviation Enforcement Agent position (GS-1801-13), in which her duties have not changed from those for which she was responsible in the Aviation Operations Analyst position.

**14. Jason A. Harrell**

44.     Jason A. Harrell is a plaintiff herein. He resides at 1181 Garrison Drive, St. Augustine, Florida 32092.

45.     Plaintiff Harrell was an Air Interdiction Agent (GS-1881-13) in Jacksonville, Florida within the last three years.  Plaintiff Harrell recently was converted to an Aviation

Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Air Interdiction Agent position.

**15. Jon M. Herron**

46.     Jon M. Herron is a plaintiff herein. He resides at 3813 Parkwood Drive, San Angelo, Texas 76904.

47.     Plaintiff Herron was an Aviation Operations Analyst (GS-1801-13) in San Angelo, Texas within the last three years.  Plaintiff Herron recently was converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Aviation Operations Analyst position.

**16. Mark A. Illanas**

48.     Mark A. Illanas is a plaintiff herein. He resides at 12260 East Barbary Coast, Tucson, Arizona 85749.

49.     Plaintiff Illanas was an Aviation Operations Analyst (GS-1801-13) in Tucson, Arizona within the last three years.  Plaintiff Illanas recently was converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Aviation Operations Analyst position.

**17. Brian Kozlencer**

50.     Brian Kozlencer is a plaintiff herein. He resides at 5621 Old Auburn Road, Warrenton, Virginia 20187.

51.     Plaintiff Kozlencer was an Aviation Operations Analyst (GS-1801-13) in Grand Forks, North Dakota within the last three years.  Plaintiff Kozlencer recently was converted to an Aviation Enforcement Agent position (GS-1801-13) in Warrenton, Virginia, in which his duties

have not changed from those for which he was responsible in the Aviation Operations Analyst position.

**18. Rolando Main**

52.     Rolando Main is a plaintiff herein. He resides at 5264 East Agave Vista Drive, Tucson, Arizona 85756.

53.     Plaintiff Main was an Aviation Operations Analyst (GS-1801-13) in Tucson, Arizona within the last three years. Plaintiff Main recently was converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Aviation Operations Analyst position.

**19. Brendan Manley**

54.     Brendan Manley is a plaintiff herein. He resides at 119 Raiford Oaks Boulevard, Madisonville, Louisiana 70447.

55.     Plaintiff Manley was an Aviation Operations Analyst (GS-1801-13) in New Orleans, Louisiana within the last three years. Plaintiff Manley recently was converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Aviation Operations Analyst position.

**20. Antonio V. Martínez**

56.     Antonio V. Martínez is a plaintiff herein. He resides at 23862 Buttercup Drive, Murrieta, California 92562.

57.     Plaintiff Martínez was an Enforcement Aviation Specialist (GS-1801-13) in Riverside, California within the last three years. Plaintiff Martínez recently was converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Enforcement Aviation Specialist position.

14

**21. Josue E. Moreno**

58.    Josue E. Moreno is a plaintiff herein. He resides at 32690 Sussex Stakes Street, Menifee, CA 92584.

59.    Plaintiff Moreno was an Enforcement Aviation Specialist (GS-1801-13) in Riverside, California within the last three years.  Plaintiff Moreno recently was converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Enforcement Aviation Specialist position.

**22. Jose R. Muriente**

60.    Jose R. Muriente is a plaintiff herein. He resides at 3845 La Flor Drive, Rockledge, FL 32955.

61.    Plaintiff Muriente was an Aviation Operations Analyst (GS-1801-13) in Cocoa Beach, Florida within the last three years.  Plaintiff Muriente recently was converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Aviation Operations Analyst position.

**23.  Earl J. Primo III**

62.    Earl J. Primo III is a plaintiff herein. He resides at 195 Beau Rivage Drive, Mandeville, Louisiana 70471.

63.    Plaintiff Primo was an Aviation Operations Analyst (GS-1801-13) in New Orleans, Louisiana within the last three years.  Plaintiff Primo recently was converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Aviation Operations Analyst position.

**24. Bradford A. Rubinoff**

64.     Bradford A. Rubinoff is a plaintiff herein. He resides at 3869 West Cortaro Farms Road #113, Tucson, Arizona 85742.

65.     Plaintiff Rubinoff was an Aviation Operations Analyst (GS-1801-13) in North Dakota within the last three years.  Plaintiff Rubinoff recently was converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Aviation Operations Analyst position.

**25. Todd H. Sager**

66.     Todd H. Sager is a plaintiff herein. He resides at 2102 Heritage Lane, Leonard, Michigan 48367.

67.     Plaintiff Sager was an Aviation Operations Analyst (GS-1801-13) in Grand Forks, Michigan within the last three years.  Plaintiff Sager recently was converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Aviation Operations Analyst position.

**26. Jairo A. Sanchez**

68.     Jairo A. Sanchez is a plaintiff herein. He resides at 619 Calle Pedro Alarcon, Mansiones de Espana, Mayaguez, Puerto Rico 00682.

69.     Plaintiff Sanchez was an Aviation Operations Analyst (GS-1801-13) in Puerto Rico within the last three years.  Plaintiff Sanchez recently was converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Aviation Operations Analyst position.

63

70.     On April 15, 2013, Plaintiff Sanchez filed a claim for unpaid compensation under the FLSA with the U.S. Office of Personnel Management ("OPM"), and he has not received a response from OPM to date.

**27. Kenneth J. Szillus**

71.     Kenneth J. Szillus is a plaintiff herein. He resides at 308 Alexander Drive, Hammond, Louisiana 70401.

72.     Plaintiff Szillus is currently an Air Enforcement Agent (GS-1801-12) in New Orleans, Louisiana, a position in which he is classified as FLSA nonexempt, but he seeks unpaid compensation under the FLSA while working as an Aviation Operations Analyst (GS-1801-13) in Jacksonville, Florida within the last three years.

**28. Grover D. Tellez**

73.     Grover D. Tellez is a plaintiff herein. He resides at 10002 Shaggybark Drive, Santee, California 92071.

74.     Plaintiff Tellez was an Aviation Operations Analyst (GS-1801-13) in San Diego, California within the last three years.  Plaintiff Tellez recently was converted to an Aviation Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Aviation Operations Analyst position.

**29. Alexander L. Zamora**

75.     Alexander L. Zamora is a plaintiff herein. He resides at 4617 South Cornwall Drive, Tucson, Arizona 85730.

76.     Plaintiff Zamora was an Aviation Operations Analyst (GS-1801-13) in Tucson, Arizona within the last three years.  Plaintiff Zamora recently was converted to an Aviation

Enforcement Agent position (GS-1801-13), in which his duties have not changed from those for which he was responsible in the Aviation Operations Analyst position.

## C. Enforcement Aviation Specialist

**30. Robert Zavala**

77.     Robert Zavala is a plaintiff herein. He resides at 2005 West Yarnell Street, West Covina, CA 91790.

78.     Plaintiff Zavala is currently an Enforcement Aviation Specialist (GS-1801-13) in Riverside, California, and he has worked as an Aviation Enforcement Officer in Tucson, Arizona within the last three years.

## C. Detection Enforcement Officer

**31. Thomas A. Adair**

79.     Thomas A. Adair is a plaintiff herein. He resides at 4702 Vail, Corpus Christi, Texas 78413.

80.     Plaintiff Adair is currently a Sr. Detection Enforcement Officer (GS-1801-13) in Corpus Christi, Texas.

**32. William W. Constant**

81.     William W. Constant is a plaintiff herein. He resides at 4612 Armadillo Street, Middleburg, Florida 32068.

82.     Plaintiff Constant is currently a Sr. Detection Enforcement Officer (GS-1801-13) in Cocoa Beach, Florida, and he has worked as a Sr. Detection Enforcement Officer (GS-1801-13) in Jacksonville, Florida within the last three years.

65

**33. James Coulter**

83.      James Coulter is a plaintiff herein. He resides at 221 Portsmouth, Corpus Christi,

Texas 78418.

84.      Plaintiff Coulter is currently a Sr. Detection Enforcement Officer (GS-1801-13) in

Corpus Christi, Texas.

**34. Nicholas J. Cuneo**

85.      Nicholas J. Cuneo is a plaintiff herein. He resides at 3384 Beulah Vista Court,

Fleming Island, Florida 32003.

86.      Plaintiff Cuneo is currently a Sr. Detection Enforcement Officer (GS-1801-13) in

Jacksonville, Florida.

**35.  Timothy J. Flynn**

87. Timothy J. Flynn is a plaintiff herein. He resides at 2646 Loopridge Drive, Orange

Park, Florida 32065.

88. Plaintiff Flynn is currently a Sr. Detection Enforcement Officer (GS-1801-13) in

Jacksonville, Florida.

**36. Richard R. Garza**

89. Richard R. Garza is a plaintiff herein. He resides at 13953 Jibstay Street, Corpus

Christi, Texas 78418.

90. Plaintiff Garza is currently a Sr. Detection Enforcement Officer (GS-1801-13) in

Corpus Christi, Texas.

**37. Frank L. Gimpel**

91.      Frank L. Gimpel is a plaintiff herein. He resides at 15362 Caravel, Corpus Christi,

Texas 78418.

92.    Plaintiff Gimpel was a Senior Detection Enforcement Officer (GS-1801-13) in Corpus Christi, Texas within the last three years.  Plaintiff Gimpel retired in December 2012.

**38. Ronald Jester**

93.    Ronald Jester is a plaintiff herein. He resides at 139 Lagarto Ferry Road, Mathis, Texas 78368.

94.    Plaintiff Jester was a Senior Detection Enforcement Officer (GS-1801-13) in Corpus Christi, Texas within the last three years.  Plaintiff Jester retired in December 2012.

**39. Rick Jones**

95.    Rick Jones is a plaintiff herein. He resides at 692 Scarlet View Court, Orange Park, Florida 32073.

96.    Plaintiff Jones is currently a Sr. Detection Enforcement Officer (GS-1801-13) in Jacksonville, Florida.

**40. James T. Mason**

97.    James T. Mason is a plaintiff herein. He resides at 6259 FM 3088, Sandia, Texas 78383.

98.    Plaintiff Mason is currently a Sr. Detection Enforcement Officer (GS-1801-13) in Corpus Christi, Texas.

**41. Edmund W. Price**

99.    Edmund W. Price is a plaintiff herein. He resides at P.O. Box 424, Lawtey, Florida 32058.

100.    Plaintiff Price is currently a Sr. Detection Enforcement Officer (GS-1801-13) in Jacksonville, Florida.

**42. Chris Stein**

101.    Chris Stein is a plaintiff herein. He resides at 3142 Azores Drive, Corpus Christi, Texas 78418.

102.    Plaintiff Stein is currently a Sr. Detection Enforcement Officer (GS-1801-13) in Corpus Christi, Texas.

**43. Daniel R. Williams**

103.    Daniel R. Williams is a plaintiff herein. He resides at 5125 Cavendish Drive, Corpus Christi, Texas 78413.

104.    Plaintiff Williams is currently a Sr. Detection Enforcement Officer (GS-1801-13) in Corpus Christi, Texas.

**D.  Flight Engineering Maintenance and Equipment Specialist**

**44. David R. Klucina**

105.    David R. Klucina is a plaintiff herein. He resides at 1620 Shelter Cove Drive, Fleming Island, Florida 32003.

106.    Plaintiff Klucina is currently a Flight Engineering Maintenance and Equipment Specialist (GS-1601-13) in Jacksonville, Florida.

**45. David J. Sorel**

107.    David J. Sorel is a plaintiff herein. He resides at 5230 Oso Hills Drive, Corpus Christi, Texas 78413.

108.    Plaintiff Sorel is currently an Air Enforcement Agent (GS-1801-09) but is seeking unpaid compensation owed to him when he worked as a Flight Engineering Maintenance and Equipment Specialist (GS-1601-13) in Corpus Christi, Texas, within the last three years.

**46. Paul J. Waeghe, Jr.**

109.    Paul J. Waeghe, Jr. is a plaintiff herein. He resides at 2668 Loopridge Drive, Orange Park, Florida 32065.

110.    Plaintiff Waeghe is currently a Flight Engineering Maintenance and Equipment Specialist (GS-1601-13) in Jacksonville, Florida.

## VII. <u>COUNT ONE</u>

### (Failure Properly to Compensate Plaintiffs for Overtime Under the FLSA)

111.    Plaintiffs incorporate by reference herein the allegations contained in Paragraphs 1 through 102 above.

112.    Defendants have wrongfully and willfully denied Plaintiffs coverage under the FLSA and have wrongfully and willfully withheld overtime compensation due Plaintiffs by failing and refusing to pay them in accordance with the FLSA for hours worked in excess of forty each week.  Plaintiffs worked overtime hours known as Administratively Uncontrollable Overtime, 5 U.S.C. 5545(c)(2), for which they were not paid correctly pursuant to the FLSA. Such overtime hours include but are not limited to additional hours during which Defendants and their officers and agents directed and/or suffered or permitted Plaintiffs to work without paying them any compensation whatsoever, including travel, training and other work performed by Plaintiffs on Defendants' behalf.

## VIII.  <u>COUNT TWO</u>

### (Request for Back Pay, Liquidated Damages, Interest, Attorney's Fees and Costs)

113.    Plaintiffs incorporate by reference herein the allegations contained in Paragraphs 1 through 104 above.

69

114.    As a result of the wrongful and willful violations of law by Defendants and their officers and agencies as alleged in the claims specified above, there is due and owing to Plaintiffs various amounts of back pay, liquidated damages, interest, attorneys' fees and costs.

115.    Employment, time, work, pay, leave and other records relating to Plaintiffs are in the possession, control, and custody of Defendants and their officers and agencies, and Plaintiffs are unable to state at this time the exact amounts of pay, benefits, liquidated damages, and interest which are due and owing to them with respect to their individual claims.  Defendants and their officers and agencies are under a duty imposed by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendant's liability may be determined.

WHEREFORE, Plaintiffs pray that this Court:

(a)    With respect to all Plaintiffs currently classified by Defendants as exempt from the FLSA, issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that Plaintiffs have been and are being employed by Defendants in an FLSA nonexempt capacity but have been denied such status willfully by Defendants;

(b)    With respect to all plaintiffs who are currently classified by Defendants as nonexempt from the FLSA but have been classified by Defendants as exempt from the FLSA within the last three years, issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that he has in the past been employed by Defendants in an FLSA nonexempt capacity but has been denied such status willfully by Defendants;

(c)    Order Defendants, subject to rules and regulations to be established by this Court that conform with FLSA, to conduct a full, complete and accurate accounting of all back

overtime, premium and other pay, leave, holiday, and excused and other paid-absence compensation, and benefits, interest, and liquidated damages equal to such back pay due and owing to Plaintiffs as is sought herein from 2010 to a date which is not more than 30 days before the date on which the judgment herein is paid;

(d)     Award Plaintiffs such back pay, premium pay, liquidated damages and interest under the FLSA and the Back Pay Act, 5 U.S.C. § 5596, from the date of the denial of such pay and entitlements retroactive for three years prior to the filing of this complaint until a date not more than 30 days before the date on which the judgment herein is paid, and costs, as are due and owing to them by Defendants under applicable federal laws and regulations; and

(e)     Award Plaintiffs reasonable attorneys' fees and costs to be paid by Defendants under the FLSA, the Back Pay Act, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B); and

(f)     Grant to Plaintiffs such other relief as the Court deems just and proper.

24

Respectfully submitted,

**/s/ Edgar James**
Edgar James – D.C. Bar No. 333013
Jeff Vockrodt – D.C. Bar No. 985635
Tanya Senanayake – D.C. Bar No. 1006218
James & Hoffman, P.C.
1130 Connecticut Ave., NW, Suite 950
Washington, D.C. 20036
(202) 496-0500
ejames@jamhoff.com
jvockrodt@jamhoff.com
tdsenanayake@jamhoff.com

Linda Lipsett - D.C. Bar No. 383671
Bernstein & Lipsett
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798
chouse@bernstein-lipsett.com

Attorneys for Plaintiffs

Dated:  March 20, 2014